Stuart L. Carroll, Esq. (Calif. Bar #163980)
Email:       stuart@carrollaw.com
**LAW OFFICES OF STUART L. CARROLL**
400 Continental Blvd., Suite 600
El Segundo, California 90245
Telephone:   (310) 615-1935

Attorney for Plaintiff DARIN PAPPAS
          p.k.a. ITHAKA DARIN PAPPAS

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIN PAPPAS p.k.a. ITHAKA DARIN PAPPAS, an individual,<br><br>                     Plaintiff,<br><br>vs.<br><br>HIGH SPEED PRODUCTIONS INC., a California corporation doing business as "THRASHER"; CESARIO MONTANO a.k.a. CESARIO "BLOCK" MONTANO, an individual; BLADES BOARD AND SKATE, LLC, a New York limited liability company; CCS DIRECT LLC, a Wisconsin limited liability company; DADDIES BOARD SHOP, LLC, a Delaware limited liability company; EMAGE NETWORK, INCORPORATED, a Colorado corporation; EMBASSY BOARDSHOP, LLC, an Ohio limited liability company; ENERGY SKATE SHOP, a business entity of unknown form; HARD TIMES SKATE SHOP, | **Case No.:** _____<br><br>**COMPLAINT FOR:**<br><br>1.   **COPYRIGHT INFRINGEMENT (17 U.S.C. §§ 101 *et seq.*)**<br>2.   **FEDERAL UNFAIR COMPETITION (15 U.S.C.§§ 1125 *et seq.*)**<br>3.   **CALIFORNIA UNFAIR COMPETITION (Cal. Bus & Prof. Code § 17200)**<br>4.   **UNFAIR COMPETITION (Common Law)**<br>5.   **FRAUD**<br>6.   **MONEY HAD AND RECEIVED**<br>7.   **CONVERSION**<br>8.   **ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

**PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT**

LLC, a Virginia limited liability company; LABOR SKATE SHOP, a business entity of unknown form; OLD SKULL SKATEBOARDS, LLC, a New York limited liability company; SOCIAL SKATEBOARDING, a business entity of unknown form; THE SKATEPARK OF TAMPA, INCORPORATED a Florida corporation; and DOES 1 through 10, inclusive,

Defendants.

Plaintiff, DARIN PAPPAS professionally known as ITHAKA DARIN PAPPAS (hereinafter "Plaintiff Ithaka"), by and through his undersigned attorney, complains against defendants HIGH SPEED PRODUCTIONS INC., a California corporation doing business as "Thrasher" (hereinafter "Thrasher"), CESARIO MONTANO also known as CESARIO "BLOCK" MONTANO (hereinafter "Montano"), BLADES BOARD AND SKATE, LLC; CCS DIRECT LLC; DADDIES BOARD SHOP, LLC; EMAGE NETWORK, INCORPORATED; EMBASSY BOARDSHOP, LLC; ENERGY SKATE SHOP; HARD TIMES SKATE SHOP, LLC; LABOR SKATE SHOP; OLD SKULL SKATEBOARDS, LLC; SOCIAL SKATEBOARDING; THE SKATEPARK OF TAMPA, INCORPORATED and Does 1 through 10, and alleges as follows:

## I.     <u>INTRODUCTION</u>

1.     Plaintiff is a professional photographer whose work has been recognized world-wide.  Among Plaintiff Ithaka's accomplishments, he was an early photographer of the emerging hip-hop culture and its artists beginning in the late 1980s, and his photos have appeared in dozens of publications (including in *Rolling Stone*, *Los Angeles Magazine*, *Glamour, The Orange County Register, Surfer*, *Teen Vogue*, *Essence*, and

-2-

*Newsweek*), on numerous album covers (including for *NWA*, *Eazy-E*, and *A Lighter Shade of Brown*) and in museums in the United States and abroad.  Working as a free-lance photographer on assignment for Priority Records, Plaintiff's subjects included the ground-breaking recording group NWA.  (The original members of NWA are (p/k/a) Ice Cube, Dr. Dre, Eazy-E, DJ Yella and MC Ren).

2.     In 1989, Plaintiff Ithaka captured images of Eazy-E, a member of NWA, riding a skateboard and cavorting with local skateboarders in Venice Beach, California (hereinafter, the "Venice Eazy-E Shoot").

3.     The Venice Eazy-E Shoot happened because rapper and television host Fab 5 Freddy gathered the NWA members together on Venice Beach to record an episode for his television program, *Yo! MTV Raps*.  Upon information and belief, this would be the first time NWA (now an inductee into the Rock & Roll Hall of Fame, ranked by Rolling Stone as a top 100 band in history, and memorialized in the blockbuster film *Straight Outta Compton*) would be interviewed on MTV.

4.     The Venice Eazy-E Shoot was history-in-the-making and nobody who was there, the artists, the skateboarders, the beachgoers, the production crew, or the photographer, could ever forget that day.

5.     Photos from the Venice Eazy-E Shoot were used by Priority Records for publicity and promotions and appeared in well-known publications including a 1989 issue of Thrasher Magazine (a publication of Defendant Thrasher) and in the official program for NWA's 2016 induction into the Rock & Roll Hall of Fame.

6.     Photos from the Venice Eazy-E Shoot were also licensed for use on apparel.

7.     In October 2018, the contact sheet from the Venice Eazy-E Shoot was included in Vikki Tobak's critically-acclaimed book of photography "Contact High: A Visual History of Hip-Hop" ("Contact High") published by Penguin RandomHouse.

8.     Contact High received rave reviews in newspapers, websites, blogs and magazines across the country, including in the New York Times, Wall Street Journal and The New Yorker.

-3-

9.     In its review, CNN wrote "There's Eazy-E showing up to a 1989 Venice Beach photo shoot wearing a bulletproof vest, 'I think … for legitimate reasons,' recalls Ithaka Darin Pappas."

10.     Contact High was named a top art and photography book for 2018 by Amazon and Time Magazine, and the best music book for 2018 by NPR and Pitchfork.

11.     In April 2019, photographs from Contact High, including the contact sheet from the Venice Eazy-E Shoot were displayed in an exhibit at the Annenberg Space for Photography in Los Angeles, California, as part of the Tenth Anniversary Celebration of the influential museum.  On April 26, 2019, the morning after the exhibit's gala opening, Plaintiff Ithaka's photo of a bullet-proof-vest-wearing Eazy-E riding a skateboard in Venice Beach (taken during the Venice Eazy-E Shoot) was published in the Los Angeles Times.

## II.     INFRINGEMENT AND WRONGFUL ACTIONS

12.     In 2017, Plaintiff learned that a photograph from the Venice Eazy-E Shoot (hereinafter, the "Eazy-E Photo") was reproduced on t-shirts and sweatshirts manufactured and distributed by Defendant Thrasher (hereinafter, the "Infringing Shirts").  A photo of one of those shirts is attached hereto and incorporated herewith as "Exhibit 1".

13.     In publicity and online descriptions of the Infringing Shirts, Defendant Montano is wrongfully credited as the photographer of the Eazy-E Photo.  (*See, e.g.,* Exhibit 2, an online listing of the "THRASHER 'Venice T-Shirt" at Defendant Retailer Energy Skate Shop).

14.     Within the last three years, plaintiff Ithaka discovered that the Eazy-E Photo was also featured in a world-wide touring exhibition of photos that had appeared in Defendant Thrasher's publication (hereinafter, collectively, the "Public Exhibition(s)").

15.     Upon information and belief, Defendant Montano even went so far as to *sign* a copy of the Eazy-E Photo for a Public Exhibition in London entitled **Thrasher: A Retrospective**.  (*See* Exhibit 3, attached hereto and incorporated herewith).

PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT

16.     Upon information and belief, Montano accepted credit and received licensing fees as the photographer of the Eazy-E Photo knowing full well that Montano did not author the Eazy-Photo.

17.     Plaintiff Ithaka never licensed nor otherwise authorized the reproduction of the Eazy-E Photo on the Infringing Shirts.

18.     Plaintiff Ithaka never licensed nor otherwise authorized the reproduction of the Eazy-E Photo for use in the marketing of the Infringing Shirts.

19.     Plaintiff Ithaka never licensed nor otherwise authorized the reproduction of the Eazy-E Photo for public display in the Public Exhibitions or in the marketing for the Public Exhibitions.

20.     Plaintiff Ithaka has never been properly credited as the photographer of the Eazy-E Photo as reproduced on the Infringing Shirts nor as displayed in the Public Exhibitions, thus having his place in the history of hip-hop and skateboarding, and the confluence of the two cultures, diminished by Defendants Thrasher and Montano.

21.     Despite demands therefor, Plaintiff Ithaka has never been compensated for the unauthorized use and reproduction of the Eazy-E Photo by the Defendants.

22.     Accordingly, Plaintiff Ithaka was left with no alternative but to bring this action at law and in equity for copyright infringement, false designation of origin, fraud, unfair competition, and unfair business practices.

23.     Among other relief, Plaintiff Ithaka asks this Court to: (a) permanently enjoin the Defendants from distributing, marketing or selling the Infringing Shirts, reproducing or displaying the Eazy-E Photo, or otherwise exploiting the Eazy-E Photo; (b) permanently enjoin the Defendants from claiming authorship of the Eazy-E Photo by anyone other than Plaintiff Ithaka; (c) publish corrective advertising acknowledging Plaintiff Ithaka's authorship of the Eazy-E Photo; (d) award Plaintiff Ithaka monetary damages; (e) require Defendants to disgorge all profits from sales of the Infringing Shirts; and (f) award Plaintiff Ithaka punitive damages, attorneys' fees and costs.

-5-

### III.   PARTIES

24.     Plaintiff Ithaka is a citizen of the United States and resident of the County of Los Angeles, State of California.

25.     Plaintiff Ithaka is the author of the Eazy-E Photo and the legal owner of the copyright in and to the Eazy-E Photo.

26.     The Eazy-E Photo has been registered with the United States Copyright Office under Registration # VAu001285918.

27.     Upon information and belief, Defendant Thrasher is a California corporation.

28.     Upon information and belief, Defendant Montano is an individual and resident of the County of Los Angeles, State of California.

29.     Upon information and belief, the following defendants (collectively, "Defendant Retailers") operated online and/or traditional (so-called brick and mortar) retail storefronts in which Defendant Retailers displayed, offered for sale and/or sold the Infringing Shirts and displayed the Eazy-E Photo separately and/or in connection with the advertising for sale of the Infringing Shirts:

      A. Upon information and belief, Defendant Retailer Blades Board and Skate, LLC, is a New York limited liability company.

      B. Upon information and belief, Defendant Retailer CCS Direct LLC is a Wisconsin limited liability company with principal place of business in Portland, Oregon.

      C. Upon information and belief, Defendant Retailer Daddies Board Shop, LLC, is a Delaware limited liability company with principal place of business in Highland Park, Illinois.

      D. Upon information and belief, Defendant Retailer Emage Network, Incorporated, is a Colorado corporation with principal place of business in Denver, Colorado.

PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT

E.  Upon information and belief, Defendant Retailer Embassy BoardShop, LLC, is an Ohio limited liability company with principal place of business in Columbus, Ohio.

F.  Upon information and belief, Defendant Retailer Energy Skate Shop is a business entity of unknown form with principal place of business in Daytona Beach, Florida.

G.  Upon information and belief, Defendant Retailer Hard Times Skate Shop, LLC, is a Virginia limited liability company with principal place of business in Portsmouth, Virginia.

H.  Upon information and belief, Defendant Retailer Labor Skate Shop is a business entity of unknown form with principal place of business in New York, New York.

I.  Upon information and belief, Defendant Retailer Old Skull Skateboards, LLC, is a New York limited liability company with principal place of business in Penfield, New York.

J.  Upon information and belief, Defendant Retailer Social Skateboarding is a business entity of unknown form with principal place of business in Wilmington, North Carolina.

K.  Upon information and belief, Defendant Retailer The Skatepark of Tampa, Incorporated is a Florida corporation with principal place of business in Tampa, Florida.

30.  Except as otherwise specifically referred to herein, the true names and capacities, either individual, plural, corporate, partnership, associate or otherwise, of defendants Does 1 through 10, inclusive, are unknown to Plaintiff Ithaka and therefore Plaintiff Ithaka sues said defendants by such fictitious names.  Plaintiff Ithaka is informed and believes and based thereon alleges that each of the defendants designated herein as a fictitiously named defendant is in some manner responsible for the events and happenings referred to herein and caused the damage to Plaintiff Ithaka.  When Plaintiff Ithaka

-7-

ascertains the true names and capacities of such Doe defendants, Plaintiff Ithaka will seek leave of this Court to amend this complaint accordingly. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

31.     Plaintiff Ithaka is informed and believes, and on that basis alleges, that at all times relevant herein, each of the defendants was the agent, partner, servant, supervisor, employee, successor and/or joint venturer of each of the remaining defendants and was at all times herein mentioned acting within the course and scope, and purpose of said agency, employment, business enterprise and joint venture. Plaintiff Ithaka is further informed and believes and on that basis alleges that to the extent that the conduct and omissions alleged herein were perpetrated by one or more of the defendants, the remaining defendants confirmed and ratified said conduct and omissions.

32.     Plaintiff Ithaka is informed and believes, and on that basis alleges, each and every allegation made herein of an act or omission on the part of a defendant or defendants shall also be deemed to refer to the act and/or omission of each defendant, whether acting individually, jointly, and/or severally.

## IV.   JURISDICTION AND VENUE

33.     This action for damages and injunctive relief arises under the United States Copyright Act (17 U.S.C. § 101, et seq.).

34.     This Court is vested with subject matter jurisdiction over the claims alleged herein pursuant to 28 U.S.C. §§ 1331 (Federal question jurisdiction) and 1338 (Copyright jurisdiction).

35.     This Court has personal jurisdiction over Defendant Thrasher as, upon information and belief, Defendant Thrasher (a) has marketed, distributed, offered for sale, and/or sold Infringing Shirts within the County of Los Angeles, State of California; (b) regularly transacts and conducts business within the County of Los Angeles, State of California; and/or (c) has otherwise made or established contacts within the County of Los Angeles, State of California, sufficient to permit the exercise of personal jurisdiction.

-8-

PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT

36.     This Court has personal jurisdiction over Defendant Montano as, upon information and belief, Defendant Montano (a) resides in the County of Los Angeles, State of California, (b) regularly transacts and conducts business within the County of Los Angeles, State of California, and (c) the conduct that gives rise to the claims occurred in the County of Los Angeles, State of California.

37.     This Court has personal jurisdiction over the Retail Defendants as, upon information and belief, the Retail Defendants (a) have marketed, distributed, offered for sale, and/or sold Infringing Products within the County of Los Angeles, State of California;  (b) have otherwise made or established contacts within the County of Los Angeles, State of California, sufficient to permit the exercise of personal jurisdiction, and (c) the conduct that gives rise to the claims occurred in the County of Los Angeles, State of California.

38.     Venue is proper in this judicial district under 28 U.S.C. §1391(b) in that a substantial part of the events giving rise to the claims, as well as substantial injury to Plaintiff Ithaka occurred within this judicial district.  In addition, the copyrighted property that is the subject of the action is situated in this judicial district.

## V.  <u>FIRST CLAIM FOR RELIEF</u>

### Copyright Infringement – 17 U.S.C. §§ 101 <u>et seq</u>.

### Against All Defendants

39.     Plaintiff Ithaka is the owner of all rights in and to the Eazy-E Photo.

40.     The Eazy-E Photo is registered with the United States Copyright Office in accordance with the requirements of 17 U.S.C. § 101 et seq.

41.     The Eazy-E Photo is original with Plaintiff Ithaka and copyrightable subject matter under the laws of the United States.

42.     Plaintiff Ithaka is currently, and at all relevant times has been, the exclusive owner of all right, title and interest in and to the copyright in the Eazy-E Photo.

43.     As the exclusive owner of all right, title and interest in and to the copyright in the Eazy-E Photo, Plaintiff Ithaka owns the exclusive rights to, among other things,

-9-

publicly display, reproduce and distribute the Eazy-E Photo, create derivate works from the Eazy-E Photo and to authorize others to do the same.

44.   Plaintiff Ithaka did not grant any permission or authority to any of the Defendants for the reproduction, distribution or public display of the Eazy-E photo as reproduced, distributed and publicly displayed in the Infringing Shirt and in the marketing materials, advertising, websites, social media sites and other publicity for the Infringing Shirt (hereinafter, collectively, the "Infringing Shirt Marketing Materials").

45.   Plaintiff Ithaka did not grant any permission or authority to any of the Defendants for the reproduction, distribution or public display of the Eazy-E photo as reproduced, distributed and publicly displayed in the Public Exhibitions and in the marketing materials, advertising, websites, social media sites and other publicity for the Public Exhibitions (hereinafter, collectively, the "Public Exhibitions Marketing Materials").

46.   On information and belief, Plaintiff Ithaka alleges that each of the Defendants, for commercial advantage and private financial gain, without Plaintiff Ithaka's permission, consent, knowledge, authority or license, have reproduced, distributed, publicly displayed, created derivative works from, and/or otherwise exploited the Eazy-Photo on the Infringing Shirt and in the Infringing Shirt Marketing Materials.

47.   On information and belief, Plaintiff Ithaka alleges that each of the Defendants, for commercial advantage and private financial gain, without Plaintiff Ithaka's permission, consent, knowledge, authority or license, have reproduced, distributed, publicly displayed, created derivative works from, and/or otherwise exploited the Eazy-Photo in the Public Exhibitions and in the Public Exhibitions Marketing Materials.

48.   Plaintiff Ithaka is informed and believes, and on that basis alleges, at all relevant times herein, Defendants contributed to the copyright infringement referenced herein, and authorized and/or ratified same and/or knowingly participated therein for financial gain.

-10-

49.    Plaintiff Ithaka intends to amend this complaint to include other instances of unauthorized use, reproduction, distribution and display of the Eazy-E Photo by Defendants, and each of them, as such instances become known through the discovery process.

50.    As a direct and proximate result of each of the Defendants' acts of copyright infringement as described herein, Plaintiff Ithaka has suffered injuries and damages including, but not limited to, just compensation for the infringing uses of the Eazy-E Photo by the Defendants.

51.    As a result of each Defendant's infringement of Plaintiff Ithaka's exclusive rights under copyright, Plaintiff Ithaka is entitled to the remedies set forth under 17 U.S.C. § 504.

52.    Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff Ithaka is entitled to injunctive relief prohibiting each Defendant from further infringing Plaintiff Ithaka's copyright and ordering that each Defendant deliver up to Plaintiff Ithaka all infringing copies of the Infringing Shirts and the Eazy-E Photo for destruction.

## VI.    SECOND CLAIM FOR RELIEF

### Federal Unfair Competition and False Advertising – 15 U.S.C. §§ 1125 *et seq.*
### Against Defendants Thrasher and Montano

53.    Plaintiff Ithaka repeats and realleges each of the allegations set forth in Paragraphs 1 through 52, inclusive, and by this reference incorporates the same as though fully set forth herein.

54.    Defendants' actions described above and specifically, without limitation, Defendants' widely publicized claim that the Eazy-E Photo on the Infringing Shirts was authored by Defendant Montano will likely mislead consumers of the and viewers of the Infringing Shirt and the Infringing Shirt Marketing Materials as to the source and origin of the Eazy-E Photo.

55.    Defendants' actions described above and specifically, without limitation, Defendants' intentional crediting of Defendant Montano as the author of the Eazy-E

-11-

Photo in the Public Exhibitions and in the Public Exhibitions Marketing Materials will likely mislead consumers and viewers of the Public Exhibitions and the Public Exhibitions Marketing Materials as to the source and origin of the Eazy-E Photo.

56.    By these actions, Defendants have engaged in false advertising, false designation of origin and unfair competition in violation of 15 U.S.C. § 1125, *et seq.* and, as a result, Plaintiff Ithaka has suffered and will continue to suffer damage to his business, reputation, and goodwill.

57.    As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff Ithaka has suffered damages in an amount to be determined at trial.

58.    Defendants' actions in violation of 15 U.S.C. §1125(a) have caused and will continue to cause a likelihood of confusion and deception of members of the trade and public, and injury to Plaintiff Ithaka's goodwill, for which Plaintiff Ithaka has no adequate remedy at law unless Defendants are restrained pursuant 15 U.S.C. §1116, Plaintiff will continue to suffer irreparable damage.

59.    Defendants' actions demonstrate an intentional, willful, and malicious intent to violate Plaintiff Ithaka's rights in his authorship of the Eazy-E Photo to the great and irreparable injury of Plaintiff Ithaka.

60.    Pursuant to 15 U.S.C. § 1117, Plaintiff Ithaka is entitled to damages for Defendants' Lanham Act violations, an accounting for profits made by Defendants from the sale, distribution or other exploitation of the Eazy-E Photo and the Infringing Shirts.

61.    Plaintiff Ithaka is informed and believes, and on that basis alleges, that Defendants' conduct was undertaken willfully and with the intention of causing confusion, mistake or deception, making this an exceptional case entitling Plaintiff Ithaka to recover additional damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

62.    Plaintiff Ithaka intends to amend this complaint to include other instances of unfair competition, false advertising and false designation of origin in the authorship of the Eazy-E Photo as such instances become known through the discovery process.

-12-

63.    Defendants' conduct has caused, and is likely to continue causing, substantial injury to the public and to Plaintiff Ithaka.  Plaintiff Ithaka is entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

## VII.   THIRD CLAIM FOR RELIEF
### Statutory Unfair Competition and False Advertising
### California Business and Professions Code §§ 17200 and 17500, *et seq.*
### Against Defendants Thrasher and Montano

64.    Plaintiff Ithaka repeats and realleges each of the allegations set forth in Paragraphs 1 through 63, inclusive, and by this reference incorporates the same as though fully set forth herein.

65.    Defendants' actions described above and specifically, without limitation, Defendants' false claim of authorship by Montano of the Eazy-E Photo in a manner likely to mislead consumers and viewers of the Infringing Shirt Materials as to the source and origin of the Eazy-E Photo, constitute unfair competition in violation of the laws of the State of California.

66.    Defendants' actions described above and specifically, without limitation, Defendants' false claim of authorship by Montano of the Eazy-E Photo in a manner likely to mislead consumers and viewers of the Public Exhibitions as to the source and origin of the Eazy-E Photo, constitute unfair competition in violation of the laws of the State of California.

67.    By these actions, Defendants have engaged in false advertising and unfair competition in violation of the statutory law of the state of California, Cal. Bus. & Prof. Code §§ 17200 and 17500, *et seq.*, and, as a result, Plaintiff Ithaka has suffered and will continue to suffer damage to its business, reputation, and goodwill.

68.    As a direct and proximate result of Defendants' willful and intentional actions, Plaintiff Ithaka has suffered damages in an amount to be determined at trial and,

-13-

1  unless Defendants are restrained, Plaintiff Ithaka will continue to suffer irreparable
2  damage.

### VIII.  <u>FOURTH CLAIM FOR RELIEF</u>

### Common Law Unfair Competition

### Against Defendants Thrasher and Montano

6  69.  Plaintiff Ithaka repeats and realleges each of the allegations set forth in
7  Paragraphs 1 through 68, inclusive, and by this reference incorporates the same as though
8  fully set forth herein.

9  70.  Defendants' acts constitute common law unfair competition, and have
10  created and will continue to create, unless restrained by this Court, a likelihood of
11  confusion to the irreparable injury of Plaintiff Ithaka.  Plaintiff Ithaka has no adequate
12  remedy at law for this injury.

13  71.  On information and belief, Defendants acted with full knowledge of
14  Plaintiff's authorship of the Eazy-E Photo and without regard to the likelihood of
15  confusion of the public created by Defendants' conduct.

16  72.  Defendants' actions demonstrate an intentional, willful, and malicious effort
17  to falsely and fraudulently deny Plaintiff's authorship of the Eazy-E Photo to Plaintiff
18  Ithaka's great and irreparable harm.

19  73.  As a result of Defendants' actions, Plaintiff Ithaka has been damaged in an
20  amount not yet determined or ascertainable.  At a minimum, Plaintiff Ithaka is entitled to
21  injunctive relief, to an accounting of Defendants' profits, damages, reasonable attorneys'
22  fees and costs.

23  74.  As a result of Defendants' willful and malicious conduct, and the need to
24  deter Defendants from engaging in similar conduct in the future, Plaintiff Ithaka is
25  entitled to punitive damages, in addition to all other relief under law and at equity to
26  which Plaintiff Ithaka is otherwise entitled.

27  //
28  //

-14-

## IX.   FIFTH CLAIM FOR RELIEF

### Fraud

### Against Defendant Montano

75.    Plaintiff Ithaka repeats and realleges each of the allegations set forth in Paragraphs 1 through 74, inclusive, and by this reference incorporates the same as though fully set forth herein.

76.    Defendant Montano's actions in falsely and fraudulently claiming authorship and credit in the Eazy-E Photo, knowing full-well that Defendant Montano did not capture the iconic image on that historic day of the Venice Eazy-E Shoot, involved misrepresentations and fraudulent actions to the Retail Defendants, consumers, purchasers of the Infringing Shirt, attendees of the Public Exhibitions, the general public and others (hereinafter, collectively, the "Fraudulent Misrepresentations").

77.    Defendant Montano knew that the Fraudulent Misrepresentations were and are false and fraudulent when such Fraudulent Misrepresentations were made and such fraudulent actions taken.

78.    Defendant Montano intended to deceive all recipients of the Fraudulent Misrepresentations for the financial and goodwill benefit of Defendant Montano and to the financial and goodwill detriment of Plaintiff Ithaka.

79.    As a proximate result of Defendant Montano's Fraudulent Misrepresentations, fraudulent actions and deceit and the facts herein alleged, Plaintiff Ithaka has been damaged in an amount to be determined at trial.

80.    In doing the acts herein alleged, Defendant Montano acted with oppression, fraud, and malice, and Plaintiff Ithaka is entitled to punitive damages.

## X.    SIXTH CLAIM FOR RELIEF

### Money Had and Received

### Against Defendant Montano

81.    Plaintiff Ithaka repeats and realleges each of the allegations set forth in

-15-

Paragraphs 1 through 80, inclusive, and by this reference incorporates the same as though fully set forth herein.

82.    Upon information and belief, Defendant Montano received license fees and royalty payments for the sale and exploitation of the Eazy-E Photo and the Infringing Shirt (hereinafter, collectively, the "License Fees").

83.    The License Fees were to be paid to the rightful owner of all right, title and interest in and to the Eazy-E Photo.

84.    Accordingly, Defendant Montano received money that was intended for Plaintiff Ithaka.

85.    Defendant Montano has never transferred any funds received in the form of License Fees or otherwise to Plaintiff Ithaka.

86.    The amount of money owed to Plaintiff Ithaka will be determined through an accounting of Defendant Montano's and Defendant Thrasher's actions alleged herein.

## XI.    SEVENTH CLAIM FOR RELIEF

### Conversion

### Against Defendant Montano

87.    Plaintiff Ithaka repeats and realleges each of the allegations set forth in Paragraphs 1 through 86, inclusive, and by this reference incorporates the same as though fully set forth herein.

88.    At all times mentioned herein, Plaintiff Ithaka, as the owner of all rights in and to the Eazy-E Photo, was the true and beneficial owner of the License Fees.

89.    Defendant Montano took the License Fees owned by Plaintiff Ithaka and converted the funds to his own use.

90.    Plaintiff Ithaka has been damaged by Defendant Montano's conversion of the License Fees in an amount to be determined at trial.

91.    The aforementioned acts of Defendant Montano were willful, wanton,

-16-

malicious, and oppressive, were undertaken with the intent to defraud, and justify the awarding of exemplary and punitive damages.

## XII. EIGHTH CLAIM FOR RELIEF

### Accounting

### Against All Defendants

92.     Plaintiff Ithaka repeats and realleges each of the allegations set forth in Paragraphs 1 through 91, inclusive, and by this reference incorporates the same as though fully set forth herein.

93.     As a result of Defendants actions as alleged herein, Defendants have received and/or retained money, a portion of which is due to Plaintiff Ithaka.

94.     The amount of money due from Defendants to Plaintiff Ithaka is unknown to Plaintiff Ithaka and cannot be ascertained without an accounting of all transactions by, between and among the Defendants, between Defendants and various third parties and an accounting of all transactions involving the Eazy-E Photo and the Infringing Shirt.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ithaka prays for judgment against each of the Defendants as follows:

ON THE FIRST CLAIM FOR RELIEF FOR COPYRIGHT INFRINGEMENT

1.     That Defendants, and each of them, be held to have infringed Plaintiff Ithaka's copyright in the Eazy-E Photo;

2.     That Defendants, and each of them, be required to account to Plaintiff Ithaka for all gains, profits, benefits and advantages derived from their respective infringement of Plaintiff Ithaka's copyright deemed held in constructive trust for the benefit of Plaintiff Ithaka;

3.     For entry of preliminary and permanent injunctions providing that each Defendant shall deliver to Plaintiff Ithaka all Infringing Shirts and any other infringing

-17-

copies and/or reproductions of the Eazy-E Photo, and all other materials containing such infringing copies in each Defendant's possession, custody or control, for destruction;

4.     For entry of preliminary and permanent injunctions enjoining Defendants, and each of them, from engaging in any further acts of copyright infringement with respect to the Eazy-E Photo or making any other infringing uses of the Eazy-E Photo.

5.     That Defendants, and each of them, be required to pay an award of actual damages (with interest thereon at the highest legal rate) as a result of the infringement, and any profits of the Defendants that are attributable to each act of infringement and are not taken into account in computing the actual damages pursuant to 17 U.S.C. § 504;

6.     That Defendants, and each of them, be required to pay Plaintiff Ithaka's full costs in this action, including reasonable attorneys' fees as the Court may allow pursuant to 17 U.S.C. § 505; and

7.     For such other and further relief as the Court deems just and equitable.

ON THE SECOND CLAIM FOR RELIEF FOR FEDERAL UNFAIR COMPETITION

8.     That Plaintiff Ithaka be granted injunctive relief under 15 U.S.C. § 1051 *et seq*.; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

A.  reproducing, displaying, distributing or otherwise exploiting the Eazy-E Photo;

B.  directly or indirectly engaging in false advertising or other conduct likely to deceive consumers or others as to the source or origin of the Eazy-E Photo;

C.  making or inducing others to make any false, misleading or deceptive statements of fact, or representations of fact in connection with the Eazy-E Photo;

9.     That Defendants, and each of them, file within (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

-18-

PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT

10.     That Defendants be ordered to correct any erroneous impression persons may have derived concerning the source or origin of the Eazy-E Photo including without limitation:

A.  the placement of corrective advertising in all media in which the false claim of authorship of the Eazy-E Photo originally appeared including, but not limited to, in all of Defendant Thrasher's and Defendant Montano's social media accounts, in Defendant Thrasher's print and online publications, and all of the Defendant Retailers' websites informing viewers of their prior misrepresentations regarding the Eazy-E Photo; and,

B.  the removal of the Eazy-E Photo from any media over which any Defendant exercises dominion and authority including, but not limited to, from the Defendant Retailers websites.

11.     That Defendants be adjudged to have violated 15 U.S.C. § 1125(a) by unfairly competing against Plaintiff Ithaka by using false, deceptive or misleading representations of fact that likely confuse consumers and others as to the source and origin of the Eazy-E Photo.

12.     That Plaintiff Ithaka be awarded damages pursuant to 15 U.S.C. § 1117(a), sufficient to compensate him for the damage caused by Defendants' false and misleading statements;

13.     That Plaintiff Ithaka be awarded Defendants' profits derived by reason of said acts, or as determined by an accounting;

14.     That, on account of Defendants' willful, malicious and deliberate conduct, and to deter such conduct in the future, Plaintiff Ithaka be awarded punitive damages;

15.     That Plaintiff Ithaka be granted prejudgment and post judgment interest;

16.     That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

17.     That Plaintiff Ithaka be granted reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 or otherwise;

-19-

18.    That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

ON THE THIRD CLAIM FOR RELIEF FOR CALIFORNIA UNFAIR COMPETITION

19.    That Plaintiff Ithaka be granted injunctive relief under and California Business and Professions Code §§ 17200 and 17500 *et seq.*; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

A.  reproducing, displaying, distributing or otherwise exploiting the Eazy-E Photo;

B.  directly or indirectly engaging in false advertising or other conduct likely to deceive consumers or others as to the source or origin of the Eazy-E Photo;

C.  making or inducing others to make any false, misleading or deceptive statements of fact, or representations of fact in connection with the Eazy-E Photo;

20.    That Defendants, and each of them, file within (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

21.    That Defendants be ordered to correct any erroneous impression persons may have derived concerning the source or origin of the Eazy-E Photo including without limitation:

A.  the placement of corrective advertising in all media in which the false claim of authorship of the Eazy-E Photo originally appeared including, but not limited to, in all of Defendant Thrasher's and Defendant Montano's social media accounts, in Defendant Thrasher's print and online publications, and all of the Defendant Retailers' websites informing viewers of their prior misrepresentations regarding the Eazy-E Photo; and,

B.  the removal of the Eazy-E Photo from any media over which any Defendant exercises dominion and authority including, but not limited to, from the Defendant Retailers websites.

-20-

PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT

22.     That Defendants be adjudged to unlawfully and unfairly compete against Plaintiff by engaging in false or misleading advertising under the laws of the State of California, Cal. Bus. & Prof. Code §§ 17200, 17500, *et seq.*;

23.     That Plaintiff Ithaka be awarded Defendants' profits derived by reason of said acts, or as determined by an accounting;

24.     That Plaintiff Ithaka be awarded damages in an amount sufficient to compensate him for the damage caused by Defendants' unfair competition and false advertising under California Business and Professions Code §§ 17200 and 17500 *et seq.*;

25.     That Plaintiff Ithaka be granted prejudgment and post judgment interest;

26.     That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

27.     That Plaintiff Ithaka be granted reasonable attorneys' fees pursuant to California Business and Professions Code §§ 17200 and 17500 *et seq.* or otherwise;

28.     That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

<u>ON THE FOURTH CLAIM FOR RELIEF FOR UNFAIR COMPETITION</u>

29.     That Plaintiff Ithaka be granted injunctive relief; specifically, that Defendants and all of their respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

A.  reproducing, displaying, distributing or otherwise exploiting the Eazy-E Photo;

B.  directly or indirectly engaging in false advertising or other conduct likely to deceive consumers or others as to the source or origin of the Eazy-E Photo;

C.  making or inducing others to make any false, misleading or deceptive statements of fact, or representations of fact in connection with the Eazy-E Photo;

30.     That Defendants, and each of them, file within (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendants have complied with the terms of the injunction;

-21-

31.  That Defendants be ordered to correct any erroneous impression persons may have derived concerning the source or origin of the Eazy-E Photo including without limitation:

A.  the placement of corrective advertising in all media in which the false claim of authorship of the Eazy-E Photo originally appeared including, but not limited to, in all of Defendant Thrasher's and Defendant Montano's social media accounts, in Defendant Thrasher's print and online publications, and all of the Defendant Retailers' websites informing viewers of their prior misrepresentations regarding the Eazy-E Photo; and,

B.  the removal of the Eazy-E Photo from any media over which any Defendant exercises dominion and authority including, but not limited to, from the Defendant Retailers websites.

32.  That Defendants be adjudged to unlawfully and unfairly compete against Plaintiff Ithaka by engaging in false or misleading advertising under federal law and California common law;

33.  That Plaintiff Ithaka be awarded Defendants' profits derived by reason of said acts, or as determined by an accounting;

34.  That Plaintiff Ithaka be awarded damages in an amount sufficient to compensate him for the damage caused by Defendants' unfair competition and false advertising under federal law and California common law;

35.  That, on account of Defendants' willful, malicious and deliberate conduct, and to deter such conduct in the future, Plaintiff Ithaka be awarded punitive damages;

36.  That Plaintiff Ithaka be granted prejudgment and post judgment interest;

37.  That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

38.  That Plaintiff Ithaka be granted reasonable attorneys' fees;

39.  That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

-22-

ON THE FIFTH CLAIM FOR RELIEF FOR FRAUD

40.    That Plaintiff Ithaka be granted injunctive relief; specifically, that Defendant and all of his respective officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be enjoined from:

      A.  reproducing, displaying, distributing or otherwise exploiting the Eazy-E Photo;

      B.  directly or indirectly engaging in false statements or other fraudulent conduct regarding the authorship of the Eazy-E Photo;

      C.  making or inducing others to make any false, misleading or deceptive statements of fact, or representations of fact in connection with the Eazy-E Photo;

41.    That Defendant file within (10) days from entry of an injunction, a declaration with this Court signed under penalty of perjury certifying the manner in which Defendant has complied with the terms of the injunction;

42.    That Defendant be ordered to correct any erroneous impression persons may have derived concerning the authorship of the Eazy-E Photo including without limitation:

      A.  the placement of corrective advertising in all media in which the false claim of authorship of the Eazy-E Photo originally appeared including, but not limited to, in all of Defendant Montano's social media accounts informing viewers of their prior misrepresentations regarding the Eazy-E Photo; and,

      B.  the removal of the Eazy-E Photo from any media over which Defendant exercises dominion and authority including, but not limited to, from the Defendant's websites and social media accounts.

43.    That Plaintiff Ithaka be awarded Defendant's revenue derived by reason of said acts, or as determined by an accounting;

44.    That Plaintiff Ithaka be awarded damages in an amount sufficient to compensate him for the damage caused by Defendant's fraudulent conduct;

45.    That, on account of Defendant's willful, malicious and deliberate conduct, and to deter such conduct in the future, Plaintiff Ithaka be awarded punitive damages;

-23-

46.     That Plaintiff Ithaka be granted prejudgment and post judgment interest;

47.     That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

48.     That Plaintiff Ithaka be granted reasonable attorneys' fees;

49.     That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

ON THE SIXTH CLAIM FOR RELIEF FOR MONEY HAD AND RECEIVED

50.     That Plaintiff Ithaka be awarded Defendant's revenue derived by reason of said acts, or as determined by an accounting;

51.     That Plaintiff Ithaka be awarded damages in an amount sufficient to compensate him for the damage caused by Defendant's conduct;

52.     That Plaintiff Ithaka be granted prejudgment and post judgment interest;

53.     That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

54.     That Plaintiff Ithaka be granted reasonable attorneys' fees;

55.     That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

ON THE SEVENTH CLAIM FOR RELIEF FOR CONVERSION

56.     That Plaintiff Ithaka be awarded Defendant's revenue derived by reason of said acts, or as determined by an accounting;

57.     That Plaintiff Ithaka be awarded damages in an amount sufficient to compensate him for the damage caused by Defendant's conduct;

58.     That, on account of Defendant's willful, malicious and deliberate conduct, and to deter such conduct in the future, Plaintiff Ithaka be awarded punitive damages;

59.     That Plaintiff Ithaka be granted prejudgment and post judgment interest;

60.     That Plaintiff Ithaka be granted costs associated with the prosecution of this action;

61.     That Plaintiff Ithaka be granted reasonable attorneys' fees;

-24-

That Plaintiff Ithaka be granted such other and further relief as the Court deems just and equitable.

ON THE EIGHTH CLAIM FOR RELIEF FOR ACCOUNTING

62.     That Defendants, and each of them, be required to provide a complete accounting to Plaintiff Ithaka of all transactions by, between and among the Defendants, between Defendants and various third parties and an accounting of all transactions involving the Eazy-E Photo and the Infringing Shirt.

Dated:  July 1, 2019.            **LAW OFFICES OF STUART L. CARROLL**

By: _/ Stuart L. Carroll /_____
   Stuart L. Carroll, Esq.
   Attorney for Plaintiff DARIN PAPPAS

-25-

**PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.**
**COMPLAINT**

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Ithaka hereby demands a trial by jury on all issues triable as of right by a jury.

Dated:  July 1, 2019.                        **LAW OFFICES OF STUART L. CARROLL**


By:   / Stuart L. Carroll /
Stuart L. Carroll, Esq.
Attorney for Plaintiff DARIN PAPPAS

-26-

**PAPPAS v. HIGH SPEED PRODUCTIONS, ET AL.
COMPLAINT**

1

# **<u>EXHIBIT 1</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-27-



1

## **<u>EXHIBIT 2</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-28-



Your cart
**0 Items** 

Shoes ▾  Decks ▾  Trucks ▾  Wheels ▾  Other ▾  Shirts ▾  Clothing ▾  Gift Cards  Blog ▾  Info

 

Create account    Login



### THRASHER "Venice" T-Shirt

$ 19.99

Eazy-E chillin' with the OG Venice posse, photographed by Cesario "Block" Montano.

Sold Out





  

**Contact Us**

Energy Skate Shop
522 Seabreeze Blvd.
Daytona Beach, FL 32118
phone: (386) 320-3322

Search    About Us

  Copyright © 2018 Energy Skate Shop | Powered by Shopify

       

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **EXHIBIT 3**

-29-



EAZY-E
BLOCK '88